UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5099 PSG (JPRx) | Date | September 18, 2015 |
|---|---|---|---|
| Title | Sunvalley Solar, Inc. V. CEEG (Shanghai) Solar, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order DENYING Motion to Remand

    Before the Court is Plaintiff's motion to remand the case to state court. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES the motion.

I.    Background

    Defendants CEEG (Shanghai) Solar Science & Technology Co., Ltd. ("SST") and China Sunergy (Nanjing) Co., Ltd ("CSUN") (collectively, "Defendants") entered into a distribution contract ("Distribution Contract") with Plaintiff Sunvalley Solar, Inc. ("Plaintiff") in July, 2008. *Compl.* ¶ 6. Pursuant to the contract, Defendants were required to manufacture and deliver to Plaintiff crystalline photovoltaic modules with proper inspection and labels in accordance with Underwriter Laboratory 1703 Standards ("1703 Standards"). *Id.* The Distribution Contract noted that "each detailed transaction will be arranged by the principal and distributor through a specific purchase order," but that "the stipulations set forth in [the Distribution Contract] apply in case of any contradiction with said purchase orders." *Yang Decl.* ¶ 6, Ex. 5 ["Distribution Contract"] at 2. The Distribution Contract also contained a Choice of Law clause designating California law as controlling in case of any dispute. *Id.* at 13.

    Pursuant to the terms of the Distribution Contract, Plaintiff and Defendants then entered into several specific purchase orders using written Sales Contracts ("Sales Contracts"). *Notice of Removal*, ¶ 7. Each of the Sales Contracts contained a clause stipulating that all disputes in connection with the Sales Contracts would be submitted to arbitration in China ("Arbitration Agreement"). *Id.*

    Plaintiff filed suit in California Superior Court on January 17, 2013, alleging that Defendant breached the terms of the Distribution Contract by failing to deliver modules which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5099 PSG (JPRx) | Date | September 18, 2015 |
|---|---|---|---|
| Title | Sunvalley Solar, Inc. V. CEEG (Shanghai) Solar, *et al.* | | |

complied with 1703 standards. *Id.* ¶ 9. Defendants removed the case on July 6, 2015 pursuant to 9 U.S.C. § 201 *et seq.* Plaintiff now moves to remand the case.

II. Legal Standard

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, —U.S. —, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case shall be remanded to state court. *See* 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, which means that the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). The removal statute is strictly construed against removal and removal must be rejected if there is any doubt as to the propriety of removal. *Id.*

III. Discussion

Defendants argue that the Arbitration Agreement contained in each Sales Contract gives this Court jurisdiction under 9 U.S.C. §205 ("Section 205"). Plaintiff challenges Defendants' removal on both substantive and procedural grounds. First, Plaintiff argues Section 205 is inapplicable to this case. *Mot.* 8:14-16. Plaintiff argues that its suit alleges a breach of the *Distribution* Contract, and that jurisdiction cannot be premised on an Arbitration Agreement which is only contained in the Sales Contract. *Id.* Second, Plaintiff argues that Defendants' removal of this action was untimely, and that in any event Defendants waived their right to remove the case by first litigating in state court. *Mot.* 5:15-22. The Court addresses each argument in turn.

    A. Substantive Defects: Applicability of 9 U.S.C. § 205

Under 9 U.S.C. § 205, federal courts have removal jurisdiction where the subject matter of an action pending in State court relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 as implemented by 9 U.S.C. § 201 *et seq.* ("Convention"). An arbitration agreement "relates to" the subject matter of an action "whenever it could conceivably affect the outcome of the plaintiff's suit." *Infuturia Global Ltd. V. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 (9th Cir. 2011) (citing *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5099 PSG (JPRx) | Date | September 18, 2015 |
|---|---|---|---|
| Title | Sunvalley Solar, Inc. V. CEEG (Shanghai) Solar, *et al.* | | |

2002)). Thus, federal courts have removal jurisdiction where an arbitration agreement which falls under the Convention could conceivably affect the outcome of the plaintiff's suit. *See id.* Accordingly, the Court must address (1) whether the Arbitration Agreement falls under the Convention; and (2) whether it could conceivably affect the outcome of Plaintiff's suit.

    i.    <u>Whether the Arbitration Agreement Could Conceivably Affect the Outcome of Plaintiff's Suit</u>

The Court finds that the Arbitration Agreement contained in each Sales Contract not only conceivably affects the outcome of Plaintiff's suit, but is likely to do so. Each time Defendants sold Plaintiff modules whose quality is at issue in this case, that sale was governed by a Sales Contract containing the Arbitration Agreement. Plaintiff's argument that "the Distribution Contract controls regardless of any subsequent purchase orders" carries no weight. *Mot.* 8:1-2. The Distribution Contract provides only that its terms apply "in case of any contradiction" with the Sales Contracts. *Distribution Contract* at 2. There is nothing in the Distribution Contract which conflicts with – and would therefore preempt – the Arbitration Agreement contained in each Sales Contract.[1] Accordingly, the Arbitration Agreement governs each sale of modules between the parties. Since Plaintiff's dissatisfaction with those sales forms the basis of its Complaint, the Arbitration Agreement is therefore likely to affect the outcome of the suit.

Even if the Arbitration Agreement is not ultimately effective, removal is still proper under Section 205. Defendants need not show with any certainty that they have the right to enforce the Arbitration Agreement in order for the Agreement to "relate to" the suit; it is sufficient that a court will need to interpret the Sales Contracts containing the Agreement in order to assess whether or not it ultimately applies. *See Beiser*, 284 F.3d at 669 (Finding it was immaterial whether Plaintiff was "right on the merits that he [could] not ultimately be forced into arbitration"; because developing Plaintiff's case would necessarily involve explaining the scope and operation [of a contract containing an Arbitration Agreement], the suit had a "connection with" the Agreement within the meaning of Section 205). Because a court could find that the Agreement governs this dispute, the suit "relates to" the Agreement and is governed by Section 205.

---

[1] Plaintiff argues that the Choice of Law clause contained in the Distribution Contract providing that "[a]ll matters relevant to this Contract shall be governed by and interpreted in accordance with the laws of…California" supports its position that "no arbitration is to take place in China," which conflicts with and therefore preempts the Arbitration Agreement. *Mot.* 8:20-22. This argument is without merit. A forum selection clause is distinct from a choice of law provision. *Besag v. Custom Decorators, Inc.*, No. CV08-05463, 2009 WL 330934, at *4 (N.D. Cal. Feb 10, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5099 PSG (JPRx) | Date | September 18, 2015 |
|---|---|---|---|
| Title | Sunvalley Solar, Inc. V. CEEG (Shanghai) Solar, *et al.* | | |

Plaintiff also argues that the Sales Contracts make no mention of UL 1703 standards, and that the failure to live up to those standards forms the basis of Plaintiff's complaint. *Mot.* 25-28. Essentially, Plaintiff invokes the well-pleaded complaint rule: that a federal question must appear on the face of the complaint in order to confer federal jurisdiction. However, Section 205 provides that "the ground for removal provided in this section need not appear on the face of the complaint." 9 U.S.C. § 205. In interpreting the statute, the Ninth Circuit has expressly held that it "invites removal of cases whose relation to an agreement or award under the Convention is based on an affirmative defense by expressly abrogating the 'well-pleaded complaint' rule." *Infuturia Global Ltd.*, 631 F.3d at 1138; citing *Beiser*, 284 F.3d at 669 ("[Federal courts] will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to'.").

Because the Arbitration Agreement falls under the Convention and relates to the subject matter of the suit, Section 205 applies to Plaintiff's suit. Defendants' removal was therefore proper.

B.      Procedural Defects: Timeliness and Waiver

Having concluded that jurisdiction is proper under Section 205, the Court easily disposes of Plaintiff's second argument: that Defendants' removal was untimely. Ordinarily, 28 U.S.C. § 1446(b) requires a defendant to file notice of removal within thirty days after service of summons. However, Section 205 eliminates the thirty-day time frame and requires only that the defendant remove the action "at any time before the trial." 9 U.S.C. § 205. Because Defendants did so, their removal was timely.

Plaintiff also contends that Defendants waived the right to remove the case by "fully participat[ing] and litigat[ing] the case in state court." *Mot.* 5:21-6:12, citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (a state court defendant may waive the right to remove a case "by taking some substantial offensive or defensive action in state court"). Defendants participated in state court to the extent that they filed an answer, attended a case management conference, signed a stipulation to continue trial, and responded to discovery requests. *See Mot.* 5:21-6:12. Defendants did not litigate on the merits, nor did their actions manifest an "intention …to abandon [their] right to a federal forum," as the Ninth Circuit requires in order to find a waiver. *Resolution Trust co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Defendants cannot be penalized for taking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5099 PSG (JPRx) | Date | September 18, 2015 |
|---|---|---|---|
| Title | Sunvalley Solar, Inc. V. CEEG (Shanghai) Solar, *et al.* | | |

"necessary defensive action to avoid a judgment being entered" or to preserve the status quo. *Id.* The Court therefore finds that Defendants did not waive their right to remove the case.

Because the subject matter of this suit relates to an Arbitration Agreement falling under the Convention, this Court has jurisdiction under 9 U.S.C. § 205. Defendants removed in a timely manner and did not waive that right by litigating on the merits in state court. Accordingly, Plaintiff's motion to remand must be denied.

IV. Conclusion

For the foregoing reasons, the Court DENIES the motion to remand.

**IT IS SO ORDERED.**